UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Action No. 09-cv-02161-REB

DELMA R. ABEYTA,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

    Defendant.

**ORDER REVERSING DISABILITY
DECISION AND REMANDING TO COMMISSIONER**

**Blackburn, J.**

The matter before me is plaintiff's **Complaint** [#3] filed September 10, 2009, seeking review of the Commissioner's decision denying plaintiff's claim for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. § 401, *et seq.* I have jurisdiction to review the Commissioner's final decision under 42 U.S.C. § 405(g). The matter has been fully briefed, obviating the need for oral argument. I reverse and remand.

### I.  FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges that she is disabled as a result of fibromyalgia, chronic pain syndrome, anxiety, tempromandibular joint ("TMJ") derangement, and colitis, among other impairments. After her application for supplemental security income benefits was denied, plaintiff requested a hearing before an administrative law judge. This hearing was held on April 25, 2007. At the time of the hearing, plaintiff was 36 years old. She

has an eighth grade education and past relevant work experience as a janitor. She has not engaged in substantial gainful activity since December 1, 1992, her alleged date of onset.

The ALJ found that plaintiff was not disabled and therefore not entitled to supplemental security income benefits. Although the medical evidence established that plaintiff suffered from severe fibromyalgia, the judge concluded that the severity of that impairments did not meet or equal any impairment listed in the social security regulations. All other alleged impairments were found to be non-severe. The ALJ found that plaintiff had the residual functional capacity to perform a full range of light work. Although this finding precluded plaintiff's past relevant work, the ALJ consulted the Commissioner's Medical-Vocational Guidelines (the "Grids"), 20 C.F.R. Pt. 404, Subpt. P, App. 2, and determined that given plaintiff's age, education, work experience, and residual functional capacity, she was not disabled.[1] He therefore found plaintiff not disabled at step five of the sequential evaluation. Plaintiff appealed this decision to the Appeals Council. The Council affirmed. Plaintiff then filed this action in federal court.

## II.  STANDARD OF REVIEW

A person is disabled within the meaning of the Social Security Act only if her physical and/or mental impairments preclude her from performing both her previous work and any other "substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2). "When a claimant has one or more severe impairments the Social

---

[1] The Grids are tables that direct a determination of "disabled" or "not disabled" based on intersecting considerations of a claimant's age, work experience, education, and residual functional capacity. *See **Thompson v. Sullivan**,* 987 F.2d 1482, 1487 (10th Cir. 1993).

Security [Act] requires the [Commissioner] to consider the combined effects of the impairments in making a disability determination." **Campbell v. Bowen**, 822 F.2d 1518, 1521 (10th Cir. 1987) (citing 42 U.S.C. § 423(d)(2)(C)).  However, the mere existence of a severe impairment or combination of impairments does not require a finding that an individual is disabled within the meaning of the Social Security Act.  To be disabling, the claimant's condition must be so functionally limiting as to preclude any substantial gainful activity for at least twelve consecutive months.  *See **Kelley v. Chater,*** 62 F.3d 335, 338 (10th Cir. 1995).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled:

> 1. The ALJ must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.
>
> 2. The ALJ  must then determine whether the claimed impairment is "severe."  A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities.
>
> 3. The ALJ must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations.
>
> 4. If the claimant's impairment does not meet or equal a listed impairment, the ALJ must determine whether the claimant can perform his past work despite any limitations.
>
> 5. If the claimant does not have the residual functional capacity to perform her past work, the ALJ must decide whether the claimant can perform any other gainful and substantial work in the economy.  This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

20 C.F.R. § 416.920(b)-(f).  **See also Williams v. Bowen** 844 F.2d 748, 750-52 (10th Cir. 1988).  The claimant has the initial burden of establishing a disability in the first four steps of this analysis.  **Bowen v. Yuckert**, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987).  The burden then shifts to the Commissioner to show that the claimant is capable of performing work in the national economy.  **Id.**  A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis.  **Casias v. Secretary of Health & Human Services**, 933 F.2d 799, 801 (10th Cir. 1991).

Review of the Commissioner's disability decision is limited to determining whether the ALJ applied the correct legal standard and whether the decision is supported by substantial evidence.  **Hamilton v. Secretary of Health and Human Services**, 961 F.2d 1495, 1497-98 (10th Cir. 1992); **Brown v. Sullivan**, 912 F.2d 1194, 1196 (10th Cir. 1990).  Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion.  **Brown**, 912 F.2d at 1196.  It requires more than a scintilla but less than a preponderance of the evidence.  **Hedstrom v. Sullivan**, 783 F.Supp. 553, 556 (D. Colo. 1992).  "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion."  **Musgrave v. Sullivan**, 966 F.2d 1371, 1374 (10th Cir. 1992).  Further, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence."  **Thompson v. Sullivan**, 987 F.2d 1482, 1487 (10th Cir. 1993).  Although a reviewing court should meticulously examine the record, it may not reweigh the evidence or substitute its discretion for that of the Commissioner.  **Id.**

### III.  LEGAL ANALYSIS

Plaintiff presents several arguments on appeal, the majority of which are without merit.  Nevertheless, because the ALJ erred in relying on the Grids to direct a finding of not disabled at step five of the sequential evaluation, I remand for further consideration.

The ALJ's opinion is well documented and exquisitely detailed.  Most of plaintiff's arguments are groundless.  For instance, plaintiff's argument that the ALJ erred at step two of the sequential evaluation by determining that fibromyalgia was the only severe impairment is belied by the ALJ's exceedingly thorough recitation of the reasons for his determination in that regard.  (Tr. 15-22.)[2]  Likewise meritless is plaintiff's suggestion that the ALJ erred in discrediting the opinions of her treating physician, Dr. Michael Dallenbach.  The ALJ thoroughly explained, with specific and copious citation to the evidence of record, his reasons for discrediting the implicit suggestion of disabling limitations created by the ever-increasing dosages of narcotic pain medication Dr. Dallenbach prescribed for plaintiff.  (Tr. 25-26.)  Moreover, Dr. Dallenbach never placed any particular restrictions on plaintiff's activities, consistently advising that plaintiff could perform "activities as tolerated."  To the extent this constituted an opinion, its import was that plaintiff's limitations were defined entirely by her own subjective complaints of pain, which the ALJ elsewhere properly discredited.  *See White v. Barnhart*, 287 F.3d 903, 909-10 (10th Cir. 2001) (noting that "credibility determinations are peculiarly the province

---

[2] Although the court is somewhat puzzled by the ALJ's conclusion that plaintiff's alleged mental impairment was not severe because she had never received a formal diagnosis of a medically determinable mental impairment (*see* Tr. 22), any error in this regard was undoubtedly harmless, as the psychiatric opinion of the reviewing psychologist adequately supports the same conclusion (Tr. 312-325).  *See Bernal v. Bowen*, 851 F.2d 297, 303 (10th Cir. 1988).

of the finder of fact, and should not be upset" so long as they are linked to specific evidence of record) (citation and internal quotation marks omitted). In comparison, the opinion of the consultative examiner, Dr. Stephen Morrison, included detailed and specific functional restrictions. (Tr. 301-311.) It did not constitute reversible error for the ALJ to conclude that this opinion outweighed that of the treating physician.

Nevertheless, in recounting the restrictions imposed by Dr. Morrison, the ALJ stated that Dr. Morrison had suggested "no postural limitations" (Tr. 19) and thus concluded that plaintiff was capable of a full range of light work (Tr. 27). In fact, however, Dr. Morrison opined that plaintiff would need to "change positions frequently" during the work day. (Tr. 310.)  "Frequently" under the Commissioner's regulations means "occurring from one-third to two-thirds of the time." **Social Security Ruling** 83-10, 1983 WL 31251 at *6 (SSA 1983). This definition clearly does not encompass the regular breaks contemplated by the Grids. *See* **Social Security Ruling** 96-9p, 1996 WL 374185 at *6-*7 (July 2, 1996) (noting that jobs represented by the Grids provide breaks every two hours during an eight-hour work day and that "[w]here th[e] need [to alternate positions] cannot be accommodated by scheduled breaks and a lunch period, the occupational base for a full range of unskilled sedentary work will be eroded," such that "[i]t may be especially useful in these situations to consult a vocational resource in order to determine whether the individual is able to make an adjustment to other work").

The ALJ did not explain why he did not adopt this aspect of Dr. Morrison's opinion, but its omission was not harmless. If by omitting reference to Dr. Morrison's sit/stand limitation, the ALJ intended to reject it, he failed to provide an adequate

explanation for that decision. **Robinson v. Barnhart**, 366 F.3d 1078, 1083 (10th Cir. 2004) ("The ALJ is not entitled to pick and choose from a medical opinion, using only those parts that are favorable to a finding of nondisability."). If, on the other hand, he merely overlooked it, the Grids cannot constitute substantial evidence in support of the Commissioner's burden of proof at step five. "Unskilled types of jobs are particularly structured so that a person cannot ordinarily sit or stand at will. In cases of unusual limitation of ability to sit or stand, a [vocational specialist] should be consulted to clarify the implications for the occupational base." **Social Security Ruling** 83-12, 1983 WL 31253 at *4 (SSA 1983).[3] The requirement of a sit/stand option, therefore, makes reliance on the Grids inappropriate. **See, e.g.**, **Borski v. Barnhart**, 33 Fed. Appx. 220, 224-225 (7th Cir. April 5, 2002); **Gibson v. Heckler**, 762 F.2d 1516, 1521 (11th Cir. 1985); **Reitz v. Astrue**, 2010 WL 5395051 at *5 (D. Me. Dec. 22, 2010); **Gray v. Bowen**, 1987 WL 13997 at *1 (N.D. Ill. July 13, 1987). Accordingly, the disability determination is not supported by substantial evidence and must be remanded on this limited basis.

Although plaintiff requests a directed award of benefits, I do not find that this case presents an appropriate occasion for the exercise of my discretion in that regard. **See Nielson v. Sullivan**, 992 F.2d 1118, 1122 (10th Cir. 1993).[4]

**THEREFORE, IT IS ORDERED** as follows:

---

[3] Purporting to give plaintiff "the benefit of the doubt," the ALJ applied the Grid rule applicable to unskilled work. (Tr. 27 n.1.)

[4] I do not intimate by this ruling that plaintiff is or should be found disabled.

1. That the conclusion of the Commissioner through the Administrative Law Judge that plaintiff was not disabled is **REVERSED**;

2. That this case is **REMANDED** to the ALJ, who is directed to

   a. Reevaluate plaintiff's physical residual functional capacity at step four of the sequential evaluation process, considering particularly whether a sit/stand option as suggested by Dr. Morrison is supported by the evidence of record and should be incorporated into plaintiff residual functional capacity;

   b. If he finds that a sit/stand option is appropriately included in plaintiff's residual functional capacity, seek the testimony of a vocational expert to further develop the record in support of the Commissioner's burden of proof at step five of the sequential evaluation; and

   c. Reassess the disability determination; and

3. That plaintiff is **AWARDED** her costs, to be taxed by the Clerk of the Court pursuant to Fed.R.Civ.P. 54(d)(1) and D.C.COLO.LCivR 54.1 and 28 U.S.C. § 2412(a)(1).

Dated January 10, 2011, at Denver, Colorado.

**BY THE COURT:**

*Bob Blackburn*
Robert E. Blackburn
United States District Judge